**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAELLA ROBINSON, )<br><br>Plaintiff, )<br><br>v. )<br><br>PRIME COMMS RETAIL, LLC d/b/a )<br>PRIME COMMUNICATIONS, L.P., )<br><br>Defendant. ) | Case No. 4:23-cv-00904 |

**DEFENDANT PRIME COMMS RETAIL, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Prime Comms Retail, LLC ("Prime") hereby removes this action from the Circuit Court of the City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri.  In support of this Notice of Removal, Prime avers as follows:

**Procedural History and Plaintiff's Allegations**

On June 6, 2023, Plaintiff filed her Petition in the 22nd Judicial Circuit, City of St. Louis, Missouri, styled as *Michaella Robinson v. Prime Comms Retail, LLC D/B/A Prime Communications, L.P.*, Case No. 2322-CC01115 (the "State Court Action"). The State Court Action concerns Plaintiff, a former employee of Prime. Plaintiff alleges Prime violated the Missouri Human Rights Act ("MHRA"). Plaintiff first alleges she was subject to sexual harassment and a hostile work environment. Petition, attached hereto as Exhibit A, at Count I. Plaintiff further alleges that Prime retaliated against her after she reported sexual harassment. Ex. A, Pet. at Count II. In each Count of her Petition, Plaintiff is seeking "a sum in excess of Twenty-Five Thousand Dollars ($25,000) plus costs of suit and attorney fees" and any other relief that the court deems just for each allegation. Ex. A, Pet., WHEREFORE paragraphs. Prime denies Plaintiff's allegations, with the exception of those facts necessary for removal of this action on diversity of citizenship grounds, as discussed herein.

**Grounds for Removal**

**I.     Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332.**

Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states and the amount in controversy exceeds $75,000. Therefore, this Court has jurisdiction over the State Court Action which is now properly removed to this Court.

*a. There is Complete Diversity of Citizenship Among the Parties.*

Plaintiff is a citizen of the state of Illinois. For diversity purposes, the terms "domicile and citizenship are synonymous." *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). As evidence that the Plaintiff is domiciled in Illinois, the Petition states that, "at all times relevant herein, Michaella Robinson was a resident of St. Clair County, State of Illinois." Ex. A, Pet. ¶ 1.

Prime is a Delaware limited liability company. As a limited liability company, Prime's citizenship is the same as that of its members. The sole member of Prime is Prime Communications, L.P, a Texas limited partnership. The partners of Prime Communications, L.P. are Farid Virani, Akbar Mohamed, Virani Trust, MID Trust, and ZAF, LLC. ZAF, LLC's sole member is Farid Virani. Farid Virani and Akbar Mohamed reside in and are citizens of Texas. Virani Trust and MID Trust are formed in Texas. Accordingly, Prime is a citizen of Texas.

Therefore, there is complete diversity between Plaintiff and Prime, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

*b. The Amount in Controversy Requirement is Satisfied.*

The amount in controversy is met if a fact finder "might legally conclude" that the damages exceed $75,000, including actual damages, punitive damages, and attorney fees. *See Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are."). "[A] defendant's notice

2

of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In establishing the amount in controversy, "Defendant's burden is a pleading requirement and not a demand for proof." *Spight v. Caterpillar, Inc.*, No. 16-00340-CV-W-ODS, 2016 WL 3546411, at *2 (W.D. Mo. June 24, 2016).

Prime denies that it has engaged in any unlawful conduct or that Plaintiff is entitled to any relief. However, assuming *arguendo* that Plaintiff should be entitled to damages in this case, the amount in controversy clearly exceeds the $75,000 minimum jurisdictional amount for 28 U.S.C. § 1332, exclusive of interest and costs. Here, in two separate counts of Plaintiff's Petition, she states she is seeking damages "in excess of $25,000 plus costs of suit and attorneys' fees, and further relief as this Court deems just" for each cause of action. Ex. A, Pet., WHEREFORE paragraphs. Prime believes in good faith that the amount in controversy is well above the statutory requirement of 28 U.S.C. § 1332, "where the matter in controversy exceeds the sum or value of $75,000."

Courts consider attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992). If Plaintiff prevails on her claims at trial, there is a legal certainty that her attorneys' fees themselves will exceed $75,000. *See e.g., Campos v. City of Blue Springs, Missouri*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Kline v. City of Kan. City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees); *Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir. 1997) ($178,610 in attorneys' fees); *Ross v. Kan. City Power & Light Co.*, 293 F.3d 1041, 1052 (8th Cir. 2002) ($168,551.78 in attorneys' fees and $14,700.79 in costs).

Plaintiff alleges she has suffered emotional distress. Ex A., Pet. ¶ 44 of Count I, ¶ 46 of Count II. Compensatory damages for emotional distress in MHRA cases often exceed $75,000, even when the only evidence of emotional distress comes from the testimony of the plaintiff and not an expert witness or treating healthcare provider. *See, e.g., Sherry v. City of Lee's Summit*, 623 S.W.3d 647, 660 (Mo. Ct. App. 2021) (trial court awarded $300,000 in compensatory damages where the employee's lost wages up to trial were only $30,880); *Diaz v. Autozoners, LLC*, 484 S.W.3d 64, 71 (Mo. Ct. App. 2015) (affirming award of $75,000 in compensatory damages and rejecting the employer's argument that the plaintiff did not seek medical attention until after her employment ended).

Accordingly, the preponderance of the evidence demonstrates that, if Plaintiff prevails on her claims, her damages and attorneys' fees will easily exceed $75,000, and the jurisdictional amount in controversy requirement is met.

### The Procedural Requirements for Removal Have Been Satisfied

Plaintiff filed her Petition in the court of the 22nd Judicial Circuit, City of St. Louis, Missouri, on June 5, 2023. On June 16, 2023, Plaintiff served Prime by mail. Therefore, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Eastern District of Missouri embraces the City of St. Louis. 28 U.S.C. § 105(a). Additionally, Plaintiff and Prime are subject to personal jurisdiction in Missouri. As set forth above, all the alleged causes of action arose in the forum state.

4

Pursuant to 28 U.S.C. § 1446(d), Prime has given written notice of its filing of this Notice to counsel for Plaintiff. Prime will also promptly file a copy of this Notice with the Circuit Court of the City of St. Louis, State of Missouri.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Prime in the State Court are attached to this Notice as Exhibit B.

### Non-Waiver of Defenses

By removing this action to the United States District Court of the Eastern District of Missouri, Prime does not waive any defenses available to it or admit any of the allegations in Plaintiff's Complaint.

WHEREFORE, Defendant Prime Retail Comms, LLC, by and through its counsel, desiring to remove this civil action to the United States District Court for the Eastern District of Missouri, Eastern Division, prays that the filing of this Petition and Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Petition for the Notice of Removal with the clerk of the Circuit Court of St. Louis County, State of Missouri, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Mallory S. Zoia
Eric A. Todd, #46919MO
Mallory S Zoia, #70377MO
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
eric.todd@ogletree.com
mallory.zoia@ogletree.com

An Attorney for Defendant Prime Comms Retail, LLC d/b/a Prime Communications, L.P.

5

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 14th day of July, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and a copy was served via U.S. mail to the following:

Ryan J. Mahoney
Mahoney Law Firm, LLC
1 Ginger Creek Parkway
Glen Carbon, IL  62034

**Attorney for Plaintiff**

/s/ Mallory S. Zoia
An Attorney for Defendant Prime Comms Retail, LLC d/b/a Prime Communications, L.P.