UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAELLA ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-904-MTS |
| ) | |
| PRIME COMMS RETAIL, LLC d/b/a ) | |
| PRIME COMMUNICATIONS, L.P., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file.  The Court finds Defendant has failed to establish this Court's subject matter jurisdiction.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction").  Defendant removed this action from the Circuit Court of the City of St. Louis, Missouri claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Doc. [1] at 2.  Though Defendant gives no subsection, it appears to be advancing diversity jurisdiction under § 1332(a)(1).

In order for the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiff must be completely diverse from Defendant. Defendant is required to prove the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece*

*v. Bank of N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). Defendant failed to establish the citizenship of the parties both at the time the case was filed and at the time removal was filed. *See, e.g.*, Doc. [1] at 2 (describing Plaintiff's citizenship as "Plaintiff is domiciled in Illinois"). Such allegations are indispensable to the Court's subject matter jurisdiction in this case.

Nor is it sufficient for Defendant to establish jurisdiction based on Plaintiff's allegations that she was a "resident" of Illinois. *See* Doc. [1] at 2 ("As evidence that the Plaintiff is domiciled in Illinois, the Petition states" Plaintiff was a "resident" of Illinois). The Eighth Circuit has long recognized the term "citizen" means something different from the term "resident" in applying the diversity requirement of 28 U.S.C. § 1332(a). *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017); *see also Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017) ("'[D]omicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another."). The "words 'resident' and 'citizen' are not interchangeable" for purposes of diversity jurisdiction. *Reece*, 760 F.3d at 777. Therefore, diversity jurisdiction may not be "based solely on an allegation [that an individual] is (or was) a 'resident' of a particular state." *Id.* at 778; *see also Higgins v. Deep Discounts, LLC*, 4:18-cv-00084-PLC, 2018 WL 1695533, at *3 (E.D. Mo. Apr. 6, 2018) (concluding the plaintiff's "allegation of residency is insufficient to establish her state of citizenship for purposes of this Court's diversity jurisdiction"). Rather, a defendant must allege, and the plaintiff must not contest, in its notice of removal that a party was a citizen of a state, even though the complaint references only residency. *Hargett*, 854 F.3d at 967 (citing *Reece*, 760 F.3d at 778 (allowing allegation of plaintiff's citizenship in amended notice of removal to establish jurisdiction even though plaintiff's

complaint referred to residency, because plaintiff admitted citizenship)).  Defendant has not done so here.

Finally, Defendant failed to sufficiently allege its *own* citizenship.  While Defendant correctly noted the citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of each of its members, *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015), Defendant failed to provide the citizenship of all its members.  Two of Defendant's members are trusts, and Defendant identifies their citizenship as Texas because the trusts were "formed in Texas."  Doc. [1] at 2.  But citizenship is not decided as so.  *See Axiom Prod. Admin., LLC v. O'Brien*, 4:20-cv-01333-MTS, 2022 WL 1501364, at *2 (E.D. Mo. May 12, 2022); *see Senderra Rx Partners, LLC v. Express Scripts, Inc.*, 4:21-cv-521-RLW, 2021 WL 5802483, at *4 (E.D. Mo. Dec. 7, 2021), appeal dismissed, 21-3996, 2022 WL 774075 (8th Cir. Feb. 9, 2022).

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal to fix the jurisdictional defects the Court has identified herein.  *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013).  Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal by **Friday, July 28, 2023**.

Dated this 18th day of July, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE